**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dore Pfaff, individually and as Trustee of the Dore Pfaff Family Trust Dated 8/30/05, | CV 12-00479-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| Bank of America NA, successor by merger to BAC Home Loans Servicing LP, fka Countrywide Home Loans Servicing LP; BAC Home Loans Inc.; Countrywide Home Loans Inc.; Mortgage Electronic Registration Systems Inc.; John Doe; Fannie Mae, | |
| Defendants. | |

The court has before it defendants Bank of America ("BANA"), Countrywide Home Loans, Fannie Mae, and MERS' ("defendants") motion to dismiss (doc. 8), plaintiff's response (doc. 12), and defendants' reply (doc. 13).[1]  We also have before us BANA's response to plaintiff's request for preliminary injunctive relief (doc. 11), submitted pursuant to our Order (doc. 7).  Plaintiff did not file a reply.

---

[1] Defendants state in their Notice of Removal that BAC Home Loans, Inc. is not a valid legal entity (doc. 1 at 2).  Accordingly, we simply refer to all remaining defendants as "defendants."

**I**

On April 5, 2007, plaintiff borrowed $1,575,200 from Countrywide Home Loans. The loan was secured by a Deed of Trust, which named Fidelity National Title Insurance Co. as Trustee and MERS as beneficiary and as nominee for lender and lender's successors. Compl., ex. A (doc. 1-1). MERS executed an Assignment of the Deed of Trust to BANA on October 14, 2011. Compl., ex. E. MERS executed a second Assignment of the Deed of Trust to BANA on October 27, 2011. Compl., ex. F. That same day, BANA executed a substitution of trustee appointing Recontrust Company, N.A. as new trustee. Compl., ex. B. Also on October 27, 2011, Recontrust executed a Notice of Trustee's Sale. Compl., ex. D. BANA sent plaintiff a Statement of Breach or Non Performance and Election to Sell Under Deed of Trust ("Statement of Breach") dated November 1, 2011.[2] Compl., ex. G. The Trustee's Sale has not yet been held.

Plaintiff originally filed this action in the Superior Court of Arizona in Maricopa County on January 31, 2012, alleging seven counts: (1) lack of standing of MERS or BANA to non-judicially foreclose or act as beneficiary; (2) failure to provide the required Lost Note Affidavit; (3) MERS' lack of authority to designate itself as the beneficiary in the Deed of Trust; (4) MERS' inability to transfer Countrywide's beneficial interest in the Note by entering into a "bulk sale" agreement with BANA; (5) BANA was not the true beneficiary and could not appoint Recontrust as successor trustee; (6) A.R.S. § 33-811(C) does not eliminate the requirement that BANA must have the authority to non-judicially foreclose; and (7) request for temporary restraining order ("TRO") and preliminary injunction. The Superior Court granted plaintiff's motion for a TRO against BANA on January 31, 2012. A preliminary injunction hearing was set for March 16, 2012. Defendants removed on March 7, 2012 (doc. 1).

---

[2] We may consider these documents on a motion to dismiss because they are referenced in and attached to the complaint, and therefore constitute "evidence on which the complaint 'necessarily relies.'" Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006) (citation omitted).

**II**

Defendants move to dismiss this action in its entirety.  Plaintiff first argues, citing Rule 9(i), Ariz. R. Civ. P., that the motion to dismiss was required to be verified by affidavit. The Federal Rules of Civil Procedure contain no such requirement.

**III**

Because many of plaintiff's claims reference his argument that MERS is not a valid beneficiary, we begin by addressing count three.  Plaintiff alleges that MERS is not the true beneficiary under the Deed of Trust, and therefore lacked power to assign the Deed of Trust to BANA.  This allegation is flatly contradicted by the Deed of Trust.  When plaintiff signed the Deed of Trust, he agreed that "MERS. . . is acting solely as a nominee for Lender and Lender's successors and assigns," and that "MERS is the beneficiary under this Security Instrument."  Compl., ex. A at 2.  And plaintiff agreed that "MERS (as nominee for Lender and Lender's successors and assigns) has the right" to "exercise any or all of [Lender's] interests, including. . . the right to foreclose and sell the Property; and to take any action required of Lender."  Compl., ex. A at 3.  By signing the Deed of Trust, plaintiff agreed to MERS's role as beneficiary.  See Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1042 (9th Cir. 2011) (claim that MERS is a sham beneficiary "is undercut by the terms in" the Deed of Trust; "[b]y signing the deeds of trust, the plaintiffs agreed to the terms and were on notice of the contents").  Accordingly, count three fails to state a claim.

**IV**

Plaintiff's "lack of standing" claim in count one alleges that there is a four-year gap in the chain of title of the Deed of Trust and the Note between April 2007, when plaintiff signed the Deed of Trust and Note to October 14, 2011, the date MERS assigned the Deed of Trust to BANA.  Plaintiff alleges that this four-year gap means that BANA lacks standing to foreclose and lacks authority to appoint Recontrust as successor trustee.  Additionally, plaintiff questions why a second assignment of the Deed of Trust from MERS to BANA was recorded on October 27, 2011.  Plaintiff complains that BANA has never explained "the details of what happened to [plaintiff's] loan during that four-year time period."  Compl. at

10.  Defendants concede that the second assignment was superfluous, but argue that both of the October 2011 assignments show that "MERS undeniably transferred its beneficial interest to BANA."  Reply at 6.  Plaintiff has cited no authority to support his belief that BANA was required to account for the four years that elapsed between the Deed of Trust signing and the initiation of a non-judicial foreclosure.  To the contrary, plaintiff agreed when signing the Deed of Trust that the "Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower."  Compl., ex A at 9.

Plaintiff's claim that BANA lacks standing ultimately relies on plaintiff's contradicted assumption that MERS is not a valid beneficiary.  Without that assumption, plaintiff's allegations that BANA lacked power to initiate foreclosure and appoint a successor trustee fail.  Plaintiff agreed when signing the Deed of Trust that MERS acts as a nominee for Lender and its successors, MERS can exercise all rights of the Lender, "including. . . the right to foreclose and sell the Property," and that a trustee can be removed and a successor trustee appointed "for any reason or cause."  Compl., ex. A at 2, 3, 10.  Arizona law expressly permits a beneficiary of a Deed of Trust to appoint a successor trustee.  A.R.S. § 33-804(B).  MERS's assignment of the Deed of Trust vested BANA, as new beneficiary, with these same rights.

Count one also alleges that plaintiff's uncertainty of the Note's present ownership affects BANA's power to non-judicially foreclose.  This argument, a formulation of the "show me the note" theory, has been expressly rejected both in this District and by the Arizona Court of Appeals.  See, e.g., Diessner v. Mortg. Elec. Registration Sys., 618 F. Supp. 2d 1184, 1187 (D. Ariz. 2009) (presentation of the original Note not required to conduct a non-judicial foreclosure); Hogan v. Washington Mut. Bank, N.A., 227 Ariz. 561, 564, 261 P.3d 445, 448 (Ct. App. 2011) (same).[3]  Accordingly, plaintiff fails to state a plausible claim

---

[3] Plaintiff complains that any reliance on Hogan is misplaced because the Arizona Supreme Court granted review.  But the Arizona Supreme Court has not yet ruled.

1    for relief in count one.

2                                               **V**

3            In count two, plaintiff alleges that BANA lacks standing to foreclose because it has

4    neither shown plaintiff the original Note nor provided a "lost note affidavit."  As discussed

5    above, Arizona does not require presentation of the original Note prior to proceeding with

6    a non-judicial foreclosure.  See Diessner, 618 F. Supp. 2d at 1187; Hogan, 227 Ariz. at 564,

7    261 P.3d at 448.  Accordingly, count two is dismissed.

8                                               **VI**

9            Count four repeats plaintiff's allegations that BANA lacks standing to foreclose, this

10   time alleging violations of the Uniform Commercial Code ("UCC") in the transfer of the

11   Note from Countrywide to BANA.  The transfer of the Note is not relevant, however,

12   because plaintiff alleges that BANA seeks to foreclose pursuant to the Deed of Trust, not the

13   underlying Note.  See Hogan, 227 Ariz. at 564-65, 261 P.3d at 448-49 (even if the Note is

14   governed by the UCC, plaintiff's "focus on the note is misplaced" because defendant "seeks

15   to conduct a sale pursuant to the deed of trust," which is "not itself a negotiable instrument").

16                                              **VII**

17           In count five, plaintiff again alleges that there is no proof that MERS had a beneficial

18   interest in the Note or Deed of Trust, and therefore that assignment of Deed of Trust from

19   MERS to BANA is void.  As discussed above, plaintiff agreed that MERS was the

20   beneficiary in signing the Deed of Trust.  Accordingly, plaintiff's argument that MERS

21   lacked the authority to assign the Deed of Trust to BANA fails.  See Cervantes, 656 F.3d at

22   1042.

23                                             **VIII**

24           Next, plaintiff alleges in count six that he has the right to assert defenses and

25   objections to the Trustee's Sale under A.R.S. § 33-811(C).  Plaintiff seeks a declaratory

26   judgment that he will not waive defenses and objections to the sale, even if he fails to obtain

27   a TRO before 5:00pm on the day before the sale as required by statute.  Defendants argue

28   that this claim is not yet ripe, because the Trustee's Sale has not yet occurred.  We agree.

1   Article III of the Constitution limits federal court jurisdiction to cases and

2   controversies. Lujan v. Defenders of Wildlife, 504 U.S. 555, 559, 112 S. Ct. 2130, 2136

3   (1992). Claims must be ripe and must be brought by a plaintiff with standing. Bova v. City

4   of Medford, 564 F.3d 1093, 1096 (9th Cir. 2009). A claim is not ripe if it "rests upon

5   contingent future events that may not occur," because "if the contingent events do not occur,

6   the plaintiff likely will not have suffered an injury that is concrete and particularized enough

7   to establish the first element of standing." Id. (citation omitted). Here, plaintiff's claim rests

8   on two contingent future events that might not occur - the Trustee's Sale and plaintiff's failure

9   to timely secure a TRO. Thus, this claim is not yet ripe for adjudication. We must dismiss

10  count six for lack of jurisdiction without considering the merits.

11                                              **IX**

12  Plaintiff's seventh and final count requests preliminary injunctive relief. Because we

13  grant the motion to dismiss, the question of injunctive relief is moot.

14                                              **X**

15  Plaintiff further alleges, although not pled as a separate count, that the Consent Order

16  with the Office of the Comptroller of the Currency signed by BANA in April 2011 entitles

17  him to an explanation from BANA why a foreclosure review of his loan has not happened

18  yet. We disagree. The Consent Order expressly states that nothing in it gives "any benefit

19  or any legal or equitable right, remedy or claim under the Stipulation and Consent or this

20  Order" to "any person or entity, other than the parties." Compl., ex. C at 27.

21  Finally, plaintiff argues in his response that he stated a plausible claim for relief that

22  the Statement of Breach he received from BANA violated ¶ 22 of the Deed of Trust because

23  it was not delivered until four days after the Notice of Trustee's Sale was recorded. Although

24  plaintiff does not specifically allege violations of ¶ 22 in his complaint, he does allege that

25  the Statement of Breach is "fatally defective" because it fails to reference BANA's right to

26  enforce the Note, and neither identifies the name of the current Note holder nor provides

27  information about where the Note is stored. Compl. at 7. In addition, he alleges that the

28  Statement of Breach was not issued until after the Notice of Trustee Sale, rendering it "null

and void." Id. at 20.

These allegations do not state a valid a claim.  Paragraph 22 of plaintiff's Deed of Trust outlines a two step process in the event of plaintiff's default.  First, the lender must give notice "prior to acceleration" following a breach of the Deed of Trust.  This notice must include, among other things, "a date, not less than 30 days from the date the notice is given. . . by which the default must be cured" and a statement that the borrower has "the right to bring a court action to assert the non-existence of a default." Compl., ex. A at 10.  If default is not timely cured, the lender "may invoke the power of sale." Id.  The complaint contains no allegations concerning the notice required prior to acceleration.

The next section within ¶ 22 of the Deed of Trust discusses the process that must be followed if the lender chooses to invoke the power of sale.  If power of sale is invoked, the trustee must receive written notice of the default from lender.  The trustee "shall record a notice of sale. . . and shall mail copies of the notice as prescribed by Applicable Law to Borrower." Id.  In Arizona, the requirements for mailing a copy of the notice of sale are statutorily defined.  Along with a copy of the Notice of Trustee's Sale, a trustee must send

> a statement that a breach or nonperformance of the trust deed or the contract or contracts secured by the trust deed, or both, has occurred, and setting forth the nature of such breach or nonperformance and of the beneficiary's election to sell or cause to be sold the trust property under the trust deed and the additional notice shall be signed by the beneficiary or the beneficiary's agent.

A.R.S. § 33-809(C).  The notice must be sent "within five business days after the recordation of a notice of sale." Id.

Here, the Statement of Breach sent to plaintiff complies with these requirements.  It states that a breach of the Deed of Trust occurred, defines the breach as plaintiff's failure to pay the principal and interest due on May 1, 2011 and failure to make all subsequent payments.  It states that the beneficiary under the Deed of Trust, BANA, "has elected to sell," and is signed by the "Beneficiary/Agent." Compl., ex. G.  Plaintiff alleges that he received the Statement of Breach four days after the Notice of Trustee's Sale was recorded.  Plaintiff has not pointed to any authority to support his claims that the Statement of Breach must also provide details regarding the Note's location, or assert that BANA has the right to enforce

1  the Note.  Accordingly, plaintiff fails to state a claim that his Statement of Breach was fatally
2  defective.

3                                                    **XI**

4        **IT IS ORDERED GRANTING** defendants' motion to dismiss (doc. 8).  This action
5  is dismissed against all defendants.  Count six is dismissed without prejudice for lack of
6  jurisdiction.  All other counts are dismissed with prejudice.

7        The Clerk shall enter judgment.

8        DATED this 27th day of April, 2012.

9

10  _____

11                          Frederick J. Martone
                        United States District Judge
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28